## GLOVKA v. FORTUN

Ohio Appeals, 8th Dist., Cuyahoga Co.

First Publication of this Opinion.

Syllabus by Editorial Staff.

745a. MALPRACTICE—920. Physicians and Surgeons.
Where defendant, holding herself out as physician, does not use ordinary skill of physician, and injuries result from wrong diagnosis and unskilled treatment of case, she is liable in damages for such injuries.

Error to Common Pleas.

Judgment affirmed.

C. V. Hull, Cleveland, for Glovka.
Harry F. Glick, Cleveland, for Fortun.

FULL TEXT

VICKERY, J.
This action comes into this court on a petition in error to the Common Pleas Court of Cuyahoga County.

In the court below, the defendant in error recovered a judgment as plaintiff against the plaintiff in error, who was defendant, in the sum of One Thousand Dollars in an action for malpractice.

It seems from the record that the defendant held herself out as a physician and had an office equipped like that of a physician and that she had, I think, her name as a physician on the door. The plaintiff being afflicted with a tumor had been told that this woman was a physician and that she could cure her, and so plaintiff presented herself at this so-called Doctor's office and became a patient and submitted to a diagnosis and treatment. This so-called physician—and the words are used advisedly, because in the record, although she studiously kept away from court, she was finally brought in and admitted that she did not have a license to practice medicine in Ohio; I believe it is claimed now in argument that she did have a license in some foreign country, but the probabilities are that she had no license anywhere, and was a mere midwife and was engaged perhaps in a practice that is not recognized in Ohio—at any event she diagnosed the plaintiff's condition as that of pregnancy and resorted to the use of tools to produce an abortion and the injuries were occasioned to the plaintiff by this false diagnosis and wrongful use of the instruments.

Of course, if the record would show that plaintiff went to this midwife or doctor, or whatever she might be, for the purpose of having an abortion produced, she would be a party to the wrong and would be estopped from claiming damages, but the record shows the opposite of this.

Now it is claimed that the court erred in his charge to the jury. It seems that there was something said in the charge about this woman holding herself out as a physician when she was not, but whatever might have been the notion of the court upon that subject, if she undertook as a midwife, as a doctor, or in any way, to diagnose this woman's case, if she was negligent and diagnosed it wrong, and used a wrong method of treatment, she would be liable. The record in this case shows that she diagnosed the case wrong. It cannot be possible, that physicians who are skillful in their profession could not tell the difference between a state of pregnancy and a tumor. Failing to diagnose properly such a case would be negligence and in treating this as pregnancy, when as a matter of fact it was a tumor and using methods of procuring an abortion, would constitute negligence for which an action in malpractice would lie. If, of course, there was a state of pregnancy here and the plaintiff below knew it, she would not be entitled to recover. If plaintiff went to the defendant for the purpose of having the defendant cause a miscarriage, she would not be entitled to recover, and in that event the defendant would be guilty of a crime under the laws of the State of Ohio, but that is not the state of the record.

We think this record shows beyond any question that this woman holding herself out as a physician did not use the ordinary skill of a physician and that the injuries resulted from

a wrong diagnosis and a wrong unskillful treatment of this case, and there is nothing in the record to show errors which would warrant a reversal of this judgment.

The judgment will, therefore, be affirmed.

(Sullivan PJ. and Levine, J. concur.)

---

(Continued from Page 210)

**923. PLEADINGS.**

See 297. Contracts. Gross v. Campbell et, OS. 6 Abs. 223.

**972a. PUBLIC POLICY.**

See 297. Contracts. Gross v. Campbell et, OS. 6 Abs. 223.

**997. REAL ESTATE.**

See 485. Executors and Administrators. Nicholson et v. Brouse, Exr., OA. 6 Abs. 203.

See 708. Leases. Lauderman v. Shroyer, OA. 6 Abs. 211.

**1045. RIGHT OF WAY.**

See 118. Automobiles. Heidel et v. Baldwin, OS. 6 Abs. 222.

**1053. ROADS AND HIGHWAYS.**

See 118. Automobiles. Heidel et v. Baldwin, OS. 6 Abs. 222.

**1104. STATUTES.**

Heidle et v. Baldwin, OS. 6 Abs. 222.

Edinger v. Carroll Co. Bd. of Comm., OA. 6 Abs. 211.

**1235. VERDICTS.**

Industrial Comm. v. Monroe, OA. 6 Abs. 215.

See 841. New Trial. Edinger v. Carroll Co. Bd. Comm., OA. 6 Abs. 211.

---

(Continued from Page 222)

20994—Elizabeth Matis v. Benjamin D. Woodruff. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 173.

20997—Cyrus Kehr v. The Coe Mfg. Co. Motion for an order directing the Court of Appeals of Lake county to certify its record. Overruled. Dock. 6 Abs. 173.

20998—George H. Wood et al. v. Joseph M. Wood et al. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock. 6 Abs. 173.

20999—The Madden Lumber & Const. Co. v. L. M. Kyes et al. Motion for an order directing the Court of Appeals of Columbiana county to certify its record. Overruled. Dock. 6 Abs. 173.

21000—Sam D. Schearer v. The Union Mortgage Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 189.

21002—Nash Woodland Motor Co. v. Charles F. Lusk. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 189.

21003—Banana Sales Corporation v. K. J. Churchanis. Motion for an order directing the Court of Appeals of Stark county to certify its record. Allowed. Dock. 6 Abs. 189.

21009—City of Bellaire, O., v. Anna Meyer et al. Motion for an order directing the Court of Appeals of Belmont county to certify its record. Overruled. Dock. 6 Abs. 189.

21010—James H. Dusha et al. v. Thomas Machaterre et al. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 6 Abs. 189.

21011—Lydia Lashure v. The East Ohio Gas Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 189.

21013—The Bellaire Land & Development Co. v. City of Bellaire et al. Motion for an order directing the Court of Appeals of Belmont county to certify its record. Overruled. Dock. 6 Abs. 189.

21016—Lakewood Country Club, a corporation, v. The Szabadsog Printing & Publishing Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 189.

20799—C. L. Graves et al v. Board of Education of Sylvania Village School District et al. Motion for an order directing the Court of Appeals of Lucas county to certify its record. Overruled. Dock. 5 Abs. 733.

21001—Stanley T. Bates v. Rose Z. Miller. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 189.

---

**Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912.**

Of The Ohio Law Abstract, published weekly at Cleveland, Ohio, for April 1, 1928.

State of Ohio, County of Cuyahoga, ss:

Before me, a Notary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443, Postal Laws and Regulations, printed on the reverse side of this form, to-wit:

1. That the names and addresses of the publisher, editor, managing editor, and business manager are:

Publisher, The Law Abstract Co., Cleveland, Ohio, Editor S. R. Laning; Business Manager, J. F. Laning, Cleveland, Ohio.

2. That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:

C. E. Laning, Cleveland, Ohio; M. M. Laning, Cleveland, Ohio; S. R. Laning, Cleveland, Ohio; Robert Lanius, Lorain, Ohio, and J. F. Laning, Cleveland, Ohio.

3. That the known bondholders, mortgagees and other security holders owning or holding 1 per cent or more of total amounts of bonds, mortgages, or other securities are:

None.

4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the books of the company as trustees or in any other fiduciary relation, the name of the person or corporation for whom such trustees is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who do not appear upon the books

(Continued on Page 224)